Stanfield v. Boyd.

---

R. T. STANFIELD, *Treasurer*, AND F. N. BROWN, *Sheriff, of Republic County*, v. H. N. BOYD.

**No. 428.**   (62 Pac. 721.)

1. TAXATION — *Valuation of Personal Property — Exemption.*  All property in this state must be valued, for the purposes of assessment and taxation, at the usual selling price in money at the place where the same may be held, and the appraisement for the purpose of determining the amount of personal property exempt to heads of families and for the purpose of taxation must be upon the same basis and uniform.

2. ―――――― *Power of Board of Equalization.* The board of equalization has no authority to arbitrarily raise the valuation as returned by the assessor, either for the purpose of allowing exemptions or for the purpose of taxation, unless the same is done for the purpose of equalization.

3. ―――――― *Listing at True Value — Uniform Method.* All property should be listed at its true value for all purposes; that is, for the purpose of exemptions as well as for taxing purposes. There cannot be two methods of valuation of property, one for exemptions and one for taxation.

Error from Republic district court; F. W. STURGES, judge. Opinion filed October 27, 1900. Affirmed.

*Charles Smith,* and *John Brown,* for plaintiffs in error.
*B. T. Bullen,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: H. N. Boyd, the defendant in error, brought his action against R. T. Stanfield, treasurer, and F. N. Brown, sheriff, of Republic county, plaintiffs in error, to enjoin them from issuing and levying a warrant for the collection of certain alleged illegal and unlawful taxes.

The plaintiff in his petition alleged, in substance, that Stanfield was treasurer and that Brown was sheriff of Republic county; that the board of county commissioners, at its regular session as a board of equalization, on the 6th day of June, 1899, ordered the county clerk to add to the assessment of personal property made and returned by the township trustee as the assessment of plaintiff's personal property for taxation for the year 1899 the sum of $130; that the county clerk did, in pursuance of said order, increase the amount of plaintiff's assessment for personal property in the sum and amount of $130; that plaintiff had given to the assessor a true list of all

Stanfield v. Boyd.

his personal property taxable in said county for the year 1899, and the assessor did truly and fully return for taxation a true and full list of all the taxable personal property of plaintiff; that the board of equalization did not find, nor did it claim or pretend to find, any error in the assessment, nor did it find or pretend to find that plaintiff had not given a full and true list of his taxable personal property, or that the assessor had not in his return made a full, true and legal return of plaintiff's taxable personal property; that the order was made by the board of county commissioners sitting as a board of equalization; that the county clerk added to the assessment of plaintiff the sum of $130, without giving any notice whatever of the intention of the board or clerk so to add to the assessment of plaintiff; that said board did not add to plaintiff's assessment as aforesaid for the purpose of equalizing plaintiff's assessment with other assessments in the county or to adjust the assessment to the assessment made of other personal property, nor did it raise or lower the valuation of any article or class of personal property; that the tax upon said $130 is charged against him upon the personal property tax-roll; that Stanfield, as county treasurer for said county, threatens to, and unless restrained will, issue his tax-warrant and deliver the same to the sheriff of said county for the collection of the tax upon said additional assessment, and that said defendant F. N. Brown, as sheriff of said county, threatens to, and will, upon receipt of such warrant, unless restrained by the injunction of the court, execute said warrant and collect such tax by sale of plaintiff's property; that plaintiff has no adequate remedy at law, and if said tax is collected as aforesaid he will suffer great and irreparable injury and loss by reason

thereof; that plaintiff was at all times in 1899 a married man, the head of a family, and a resident of Republic county; that at the time of listing his personal property as aforesaid, on the 1st day of March, 1899, plaintiff owned no more personal property than was exempt to him from taxation under the constitution and laws of the state of Kansas, to wit, not more than $200 worth; and that the assessor appraised plaintiff's personal property at its proper valuation— the same valuation at which other personal property of the county was valued and assessed. Wherefore plaintiff prayed judgment.

The defendants answered: (1) A general denial; (2) admitting that the plaintiff was at all times a resident of Belleville township in Republic county and the head of a family, and that, if not restrained from so doing, they would proceed to collect the taxes levied.

The cause was tried to the court upon an agreed statement of facts, as follows:

"It is agreed by and between the parties to this action that the facts in the case, so far as they are involved in the issues joined, are as follows:

"The assessors of Republic county, Kansas, at their annual meeting for the purpose of agreeing upon a basis of valuation for 1899, agreed that one-third the actual valuation of personal property should be the basis of assessment for taxation for said year, and agreed upon and adopted the following schedule of values as one-third of the true value thereof, which schedule is hereto attached, marked 'Exhibit A,' and made a part hereof.

"That the assessment throughout Republic county for said year was made on the same basis; that the plaintiff listed all his property for the said year, and the trustee assessed the same according to the said agreement of the assessors.

"That at the annual meeting of the board of equalization for said county, after due and legal notice by

publication, for the year 1899, for the purpose of equalization of taxable personable property throughout the said county, the said board took action and caused to be entered upon the proceedings of the board of county commissioners, in journal 'F,' at page 188, the following, to wit:

"'The board then took up the matter of constitutional exemptions, and decided that it was unjust and contrary to law to assess personal property at one-third value and then deduct the $200 exemption, and that the $200 should be deducted before the amount was divided by three, and ordered the county clerk to make the change.'

"That in pursuance of said order the county clerk of said county proceeded to raise the value of each article so returned by said assessors of said county belonging to the head of each family to three times the value as returned by said assessors; that after the raising of the value as aforesaid, and ascertaining the aggregate amounts thereof belonging to the head of each family, $200 were deducted therefrom as the exemption from taxation allowed by law.

"That after deducting said $200 as aforesaid, one-third of the amount remaining was placed upon the tax-rolls of said county for taxation by the said clerk, on which taxes were levied.

"In pursuance of said order, the county clerk of said county proceeded to raise the value of each article of the property of said plaintiff, as returned by said assessor of said Belleville township, to three times the value as returned by said assessor; that after the raising of the values aforesaid and ascertaining the aggregate amount thereof, $200 were deducted therefrom as the exemption from taxation allowed by law to the said plaintiff; that after deducting said $200, one-third of the amount remaining, being the sum of $17.33, less $2.33, was placed upon the tax-rolls of said county for taxation, which amount was the sum of $15, and upon which the taxes were levied.

"That at the commencement of this action defendants were threatening to collect said tax against plaintiff by appropriate legal proceedings, out of the

property of plaintiff, and would have done so and will still do so if not restrained by this court.

"The plaintiff was on the 1st day of March, 1899, and has ever since been, a married man and the head of a family, residing with him in Belleville township, in said Republic county, Kansas.

"That a copy of the return of the assessor of Belleville township in said county of the personal property of plaintiff for said year is hereto attached, marked 'Exhibit B.'

"That plaintiff listed for taxation and said assessor returned all of plaintiff's personal property."

The list of personal property made by plaintiff and values placed thereon by the assessor are as follows:

|  | No. | Value. |
|---|---|---|
| Horses, six months old and over................. | 1 | $10 |
| Neat cattle, six months old and over............. | 2 | 24 |
| Hogs, six months old and over................... | 10 | 15 |
| Pleasure carriages of every description........... | 1 | 5 |
| Gold watches.................................... | 1 | 5 |
| Musical instruments, organ ..................... | 1 | 5 |
| Aggregate value of all other personal property ... .. |  | 20 |
| Total......................................... |  | $84 |
| Constitutional exemption, amount of ............ |  | 200 |
| Total taxable property........................ |  | 00 |

From the agreed statement of facts, it appears that H. N. Boyd in 1899 was the head of a family, residing in Belleville township, Republic county, and that on that date he owned the above articles of personal property. From the value as fixed by the assessor upon this property, it appears to have been worth $84. The plaintiff, under our statute, was entitled to have exempt from taxation, as the head of a family, his personal property to the amount $200. From the assessment returns, it appears that he lacked considerable of having the amount of property thus exempt from taxation.

The only question for determination, upon the pleadings and agreed statement of facts, is as to whether or

not there are two separate valuations of personal property. The law requires that all personal property should be assessed at its true cash value. The statement of facts shows that the property in Republic county for the year 1899 was actually assessed at one-third of its real cash value. It can readily be seen that, if the assessors ignored the plain provisions of the statute and listed property for taxation at only one-third of its actual cash value, a great amount of personal property would escape taxation under the provisions for exemptions to heads of families. It is very apparent that the county commissioners, as a board of equalization, sought to reach this class of property by allowing the exemptions upon the theory that the assessors had returned the property at one-third of its actual cash value. In order to let this property bear its just burden of taxation, they ordered the county clerk to raise the valuation in accordance with their resolution.

The plaintiff's eighty-four dollars' worth of property as returned by the assessor then became $252. The $200 exemption was then deducted, leaving fifty-two dollars taxable property. This they ordered reduced again by dividing it by three, in order to find one-third of its actual cash value, as the proper amount upon which plaintiff should pay taxes.

The provisions of the statute applicable to the listing, valuation, return, correction of valuation, exemption and equalization are as follows:

"The trustee of each township, by virtue of his office, shall be township assessor, and charged with the duty of listing and returning all property subject to taxation in his township, in the manner provided in this act." (Gen. Stat. 1897, ch. 157, § 1; Gen. Stat. 1899, § 7224.)

"All property in this state, real and personal, not

expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act.'' (Gen. Stat. 1897, ch. 158, § 1; Gen. Stat. 1899, § 7159.)

''The property described in this section, to the extent herein limited, shall be exempt from taxation. . . . Ninth. Personal property to the amount of two hundred dollars for each family.'' (Gen. Stat. 1897, ch. 158, § 10; Gen. Stat. 1899, § 7161.)

''Every person of full age and sound mind, accountant officer, or other person designated by any person, company, or corporation, shall list all personal property subject to taxation of which such person, company or corporation is the owner, lessee, or occupant, having any interest in or exercising any control over any personal property, including all moneys in his possession or subject to his order, check, or draft. . . .'' (Gen. Stat. 1897, ch. 158, § 12; Gen. Stat. 1899, § 7163.)

''Every person required by this act to list property shall, when required to do so by the assessor of his city or township, make out and verify by his oath a statement of all personal property which by this act he is required to list, either as the owner thereof or as parent, guardian, trustee, executor, administrator, receiver, accounting officer, partner, or agent, and deliver the same to the assessor of the proper township or city.'' (Gen. Stat. 1897, ch. 158, § 24; Gen. Stat. 1899, § 7168.)

''It shall be the duty of the assessor, and he is empowered and authorized, to increase or diminish the value of any or all items of personal property as listed by any person, company, or corporation, if he is satisfied that said property has been returned below or above its true value in money, but said change in value shall be made at the time the return is made to the assessor.'' (Gen. Stat. 1897, ch. 158, § 31; Gen. Stat. 1899, § 7174.)

''Personal property shall be valued at the usual selling price in money at the place where the same may be held; but if there be no selling price known to the person required to fix the value thereon, it shall be valued at such price as is believed could be ob-

Stanfield v. Boyd.

tained therefor in money at such time and place. Current money, whether in possession or on deposit, subject to be withdrawn on demand or within one year from the date of deposit, shall be entered in the statement at the full amount thereof. Depreciated bank notes shall be entered in the statement at their current value." (Gen. Stat. 1897, ch. 158, § 44; Gen. Stat. 1899, § 7195.)

"The board of county commissioners of each county shall constitute a county board of equalization, and the county clerk shall be clerk of said board." (Gen. Stat. 1897, ch. 158, § 92; Gen. Stat. 1899, § 7262.)

"The county board thus constituted, or a majority of them, shall meet on the first Monday of June of each year at the office of the county clerk, and proceed to fairly and impartially equalize the valuation of the personal property of their county, and may adjourn from time to time for such purpose not beyond ten days from the first day of their session. . . ." (Gen. Stat. 1897, ch. 158, § 93; Gen. Stat. 1899, § 7263.)

From an examination of the law as above set out, it appears that the legislature intended to establish a uniform system of assessment and taxation. If property should be valued at three times as much for the purpose of ascertaining the limit of the exemption of the heads of families as it is for taxation, we would have two methods of computation to arrive at the value of property for the purpose of taxation. This was certainly not the intention of the legislature. It was intended that the appraisement for exemption and taxation should be uniform. The board of equalization had no authority arbitrarily to raise the valuation as returned by the assessor, in accordance with their resolution. There is no pretense that this was done for the purpose of equalization, but it was done for the sole purpose of adding to the assessment roll property which otherwise would be exempt.

18—10 KAN. APP.

Section 1, article 11, of the constitution provides that

"The legislature shall provide for a uniform and equal rate of assessment and taxation. . . . And personal property to the amount of at least two hundred dollars for each family shall be exempted from taxation."

It is evident to us that it was intended that all property should be listed at its true value for all purposes; that is, for the purpose of arriving at the exemption as well as for taxing purposes. There cannot be two methods of valuation for the same property, one for exemption and another for taxation. This would not be uniform and equal.

The judgment must be affirmed.